### STATE, JOHN SHARP, Prosecutor, v. A. STANSBOROUGH.

Supreme Court.   March, 1797.

*Wilson's Red Book, 154.**

---

* This case is also reported in *Bayard's Notebook, 185.*

130

*Peery, Miller* and *White* for plaintiff.   *Bayard, Ridgely* and *Wilson* for defendant.

Evidence.   That John Sharp gave defendant a deed and peaceable actual possession.   That John Sharp was insane.   That his son acted for him (but no particular power in this case), on whom force was committed afterwards.   That John Sharp was much terrified at defendant etc.

Plaintiff's counsel.   To show what is a force read Dalt.Just. 301, 309, 310, 298 (*sed vide* 2 Bac.Abr. 559).   That duress avoids every act, 2 Bac.Abr. 157 (*sed vide* Esp.N.P. and Str., duress of goods will not).   Fraud forms an exception in all cases, 2 Bac. Abr. 610, Cowp. 281.

PER CURIAM.   READ, C. J.   (Charge.)   This is an inquisition of forcible detainer in which John Sharp is the prosecutor under the Statute, 8 Hen. VI [c. 9 (1429)], which is extended to this country.   The prosecutor is the person who is to be restored, and the inquiry is chiefly whether the violence was directed towards John Sharp, for the force is fully proved according to the nature of that force as required by the law.   There seems to be some impropriety in contending for the insanity of John Sharp and yet contending that he gave authority at the same time to his son, Job Sharp, to go and get the possession.   Some evidence should have been produced of having such authority, and then any violence to the agent would be considered as violence to the employer.   The case of the servant making continual claim by command of the master applies, but there must be a command, and it will rest with the jury to decide this doubt.

Verdict, that the defendant was guilty.

A writ of error was brought and allowed.